EDWARD F. PATCHEN, APPELLANT, *v.* MARY E. PATCHEN AND OTHERS, RESPONDENTS.

*Will to children, who may be then living, construed to include grandchildren.*

A testator by his will provided as follows: "I give and bequeath to my wife Maria F. the one undivided third part of my real estate, of which I shall die seized, for her natural life. Upon her death said third shall go to my children equally who may be then living, and to their heirs and assigns, forever."

At the time of the death of the testator he had five children, three of whom died before the widow. The two surviving children claimed the whole estate, which claim was disputed by the children of the three children of the testator who had died before their mother.

*Held,* that as it was apparent that the testator intended that there should be equality among all his children in respect to the property, that the proper construction of the will would give the property to the children living at the death of the wife, and to the heirs and assigns of such as had previously died leaving children.

APPEAL by the plaintiff from a judgment entered at a Special Term in an action brought to determine the respective shares and interests of the defendants in certain trust property.

Henry Patchen died June 8, 1849, leaving a last will and testament, which was duly proved and recorded in the Kings county surrogate's office July 6, 1849, and which contained, among others, the provision set forth in the following opinion:

*W. S. Cogswell*, for the appellant.

*William C. De Witt*, for the respondents.

BARNARD, P. J.:

The testator gave a life estate in one-third of his real estate to his widow for life in lieu of dower. The premises in question were set apart to her. She died in 1881. The question is as to the title to the remainder after the life estate fell in. The clause of the will is as follows: "I give and bequeath to my wife Maria F. the one undivided third part of my real estate of which I shall die seized for her natural life. Upon her death said third shall go to my children equally, who may be then living, and to their heirs and assigns forever."

At the time of the death of the testator he had five children, and three of these died before the widow. The two surviving children claim the whole estate, and the claim is denied by the children of those who died before their mother, leaving children. The first fact to be observed in respect to the intent of the testator consists of the rigid equality among all his children in respect to the property of testator, real and personal, except that in question, even to the value of their watches given to each child by the will. The ordinary principle is against inequality, and this principle is aided by the will itself in its other provision. No reason is apparent why a vested estate is given to all his children as to two-thirds of his realty and as to all his personalty and an exception intended as to this one-third of the land. None is indicated as to any particular child, but under the rule that where a devise is made to a class, the survivor takes the whole to the exclusion of the children of those who died before the contingency happens upon which the class were to take. If the intent is clear from the will that the survivors were to take, it must be observed. Is it clear? It does not seem to be so. The words may carry that meaning upon a strict grammatical construction, but every word in the will, if possible, must have its proper effect and bearing upon the construction. The case closely resembles *Matter of Brown* (93 N. Y., 295). The words "to my children equally who may then be living and to their heirs and assigns," in view of the facts of the case and under the rules of *Matter of Brown*, this means to the children who are living at the death of my wife,

equally and to the heirs and assigns of such as have previously died leaving children and who have sold their vested remainder.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred PRATT, J., not sitting.

Judgment affirmed, with costs.